UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 18-cv-24335-UU

EDWIN CAMACHO,

*Plaintiff,*

vs.

NCL (BAHAMAS) LTD,
a Bermuda Company,
STEINER TRANSOCEAN LIMITED,
a foreign company,
STEINER MANAGEMENT SERVICES, LLC,
a Florida Limited Liability Company,
STEINER U.S. HOLDINGS, INC.,
a Florida for profit company, and
JOHN DOE, INC., d/b/a MANDARA SPA,

*Defendant.*
_______________________________/

**DEFENDANTS' STEINER TRANSOCEAN LIMITED, STEINER MANAGEMENT SERVICES, LLC, AND STEINER U.S. HOLDINGS, INC. ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

The Defendants STEINER TRANSOCEAN LIMITED, STEINER MANAGEMENT SERVICES, LLC and STEINER U.S. HOLDINGS, INC. (collectively known as "Steiner"), by and through their undersigned counsel and pursuant to the applicable Federal Rules of Civil Procedure, hereby serves their Answer and Affirmative Defenses to Plaintiff's Complaint.

## I. PRELIMINARY ALLEGATIONS

### a. The Parties

1. Admitted on information and belief, including information furnished by Plaintiff.

2. The allegations in paragraph #2 do not pertain to Steiner, to the extent that a response to this allegation is required, Steiner denies the allegations.

3. Admitted for purposes of jurisdiction and for this litigation only.

4. Admitted for purposes of jurisdiction and for this litigation only.

5. Admitted for purposes of jurisdiction and for this litigation only.

6. The allegations in paragraph #6 do not pertain to Steiner, to the extent that a response to this allegation is required, Steiner denies the allegations.

7. Denied.

**b. JURISDICTION AND VENUE**

8. Admitted that Plaintiff seeks an amount which exceeds the jurisdictional minimum for 28 USC §1332, but denied as to his entitlement to same. Any and all remaining allegations are denied.

9. Admitted that this Court has jurisdiction under 28 U.S.C. §1333.

10. Admitted only that this Court has jurisdiction over this matter. Any and all remaining allegations are denied.

11. Admitted only that this Court has jurisdiction over this matter, as it pertains to Steiner.

12. Admitted.

13. The allegations in paragraph #13 do not pertain to Steiner, to the extent that a response to this allegation is required, Steiner denies the allegations

14. Admitted only that Steiner operated the subject spa on the date of the alleged incident.

15. The allegations in paragraph #15 do not pertain to Steiner, to the extent that a response to this allegation is required, Steiner denies the allegations

**c. GENERAL FACTUAL ALLEGATIONS**

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

**COUNT I – NEGLIGENCE**
**(AGAINST NCL)**

Steiner adopts and reasserts its responses to the allegations contained in Paragraphs 1 through 34 of the Complaint as if set forth fully herein.

The allegations in Count I do not pertain to Steiner, to the extent that a response to these allegations is required, Steiner denies paragraphs 35-41.

**COUNT II – NEGLIGENT SELECTION AND RETENTION OF SPA OPERATOR (AGAINST NCL)**

Steiner adopts and reasserts its responses to the allegations contained in Paragraphs 1 through 34 of the Complaint as if set forth fully herein.

The allegations in Count II do not pertain to Steiner, to the extent that a response to these allegations is required, Steiner denies paragraphs 42-46.

**COUNT III – APPARENT AGENCY OR AGENCY BY ESTOPPEL CLAIM (AGAINST NCL)**

Steiner adopts and reasserts its responses to the allegations contained in Paragraphs 1 through 34 of the Complaint as if set forth fully herein.

The allegations in Count III do not pertain to Steiner, to the extent that a response to these allegations is required, Steiner denies paragraphs 47-52.

**COUNT IV– NEGLIGENCE (AGAINST STEINER)**

Steiner adopts and reasserts its responses to the allegations contained in Paragraphs 1 through 34 of the Complaint as if set forth fully herein.

53. Denied as an incomplete statement of law.

54. Denied, including subparagraphs (a) through (k).

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

**AFFIRMATIVE DEFENSES**

1. Plaintiff's own negligence was the sole proximate cause of his injuries and damages and, accordingly, Plaintiff's claim is barred as a matter of law.

2. Plaintiff's own negligence contributed to the subject accident and his injuries and damages and, accordingly, any award to Plaintiff, if any, must be reduced in proportion to his own comparative negligence.

3. Plaintiff's injuries and damages, if any, were caused solely by the conduct of third persons not subject to the control, direction or supervision of Defendant and for which Defendant cannot be held liable.

4. Steiner had no actual or constructive notice or knowledge of the alleged unreasonably dangerous condition.

5. Steiner did not create the alleged unreasonably dangerous condition.

6. Plaintiff's claims are barred because there was no unreasonably dangerous or hazardous condition that caused his alleged injuries.

7. Plaintiff's claims are barred inasmuch as Plaintiff knew of the existence of any alleged danger complained of in the Complaint, realized and appreciated the possibility of injury as a result of the danger and, having a reasonable opportunity to avoid it, voluntarily exposed himself to the danger.

8. The allegedly dangerous condition was apparent, open and obvious and should have been observed by Plaintiff in the ordinary course of his senses, barring any recovery by Plaintiff.

9. The incident and injuries alleged by Plaintiff, if any, were the result of superseding, intervening, and/or unforeseeable causes from which Steiner had no duty to protect Plaintiff.

10. Steiner fully discharged its duty to Plaintiff by warning his of any dangers and/or unique conditions of the vessel.

11. This action is governed by and subject to the terms, limitations, and conditions contained within the contract for passage, and Steiner adopts and incorporates same in its entirety to its answer by reference.

12. Plaintiff's claims are governed by general maritime law and any recovery by Plaintiff is therefore limited by, and subject to, general maritime law.

13. To the extent applicable, any award of damages to Plaintiff must be reduced by any collateral source payments.

14. The alleged incident and injury may not have been fully disclosed, and therefore Steiner reserves the right to amend or supplement these Affirmative Defenses with additional information if and when such information is discovered.

**WHEREFORE** the Defendants, STEINER TRANSOCEAN LIMITED, STEINER MANAGEMENT SERVICES, LLC and STEINER U.S. HOLDINGS, INC. having fully answered Plaintiff's Complaint and having raised affirmative defenses, demands judgment in its favor, and such other relief as this Court deems appropriate.

Respectfully Submitted,

**NORWEGIAN CRUISE LINE**
Attorneys for Defendant
7665 Corporate Center Drive
Miami, Florida 33126
Telephone: (305) 436-4377
Facsimile: (305) 468-2132

By: */s/ Geoffrey E. Probst*
**Geoffrey E. Probst, Esq.**
Florida Bar No. 505498
gprobst@ncl.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of November, 2018, I electronically filed the foregoing document with the Clerk to the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

By: */s/ Geoffrey E. Probst*
**Geoffrey E. Probst, Esq.**

**SERVICE LIST**

*Edwin Camacho vs. NCL (Bahamas) Ltd., et al.*
Case No.: 18-cv-24335-UU
United States District Court for the Southern District of Florida

Geoffrey E. Probst, Esq.
NORWEGIAN CRUISE LINE
7665 Corporate Center Drive
Miami, FL 33126
Telephone: (305) 436-4377
Facsimile: (305) 468-2132
gprobst@ncl.com
jjara@ncl.com
*Attorneys for Defendants NCL and Steiner*

David H. Charlip, B.C.S.
CHARLIP LAW GROUP, LC
11900 Biscayne Blvd., Suite 200
North Miami, FL 33181
Telephone: (305) 354-93131
Facsimile: (305) 354-9314
dcharlip@charliplawgroup.com
assistant@charliplawgroup.com
paralegal@charliplawgroup.com
*Attorneys for Plaintiff*